UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JABARI RAY,                                        :

                    Plaintiff,            :

          -against-                        :        **REPORT AND RECOMMENDATION**

DEBT FREE NATION, INC.,                            :        11 Civ. 7316 (AT)(KNF)

                Defendant.     :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE

      Jabari Ray asserted three claims against his former employer, Debt Free Nation, Inc.,

alleging failure to pay: (1) overtime for hours worked over forty, pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 20-219 ("FLSA"); (2) overtime for hours worked over forty,

pursuant to "New York Labor Law and applicable New York State Department of Law

Regulations"; and (3) "his commissions for closed deals" and "his first week of work and his last

week of work,"[1] in violation of "New York Labor Law §§ 191 and 193".[2]  In his complaint, the

plaintiff sought the following damages: (a) unpaid overtime pay, liquidated damages in an

---

[1]  The plaintiff alleged in the section of his complaint entitled "FACTS," that the
"Defendant never paid Plaintiff his wages for his first week of work or his wages for one-half of
the last week he worked for Defendant," while he asserted in the section entitled "COUNT III:
NEW YORK LABOR LAW WAGE PAYMENT VIOLATIONS," that "Defendant's failure to
pay plaintiff for his first week of or [sic] work and his last week of work violated New York
Labor Law §§ 191 and 193."  Notwithstanding the inconsistency of these allegations within the
complaint, the plaintiff does not seek damages based on them.

[2]  Although the plaintiff asserted violations of New York Labor Law § 193 under
"COUNT III: NEW YORK LABOR LAW WAGE PAYMENT VIOLATIONS," he did not
allege in his complaint that the defendant made any deductions from his wages.

amount equal to the unpaid overtime pay and attorney's fees and costs, under the FLSA; (b) unpaid overtime pay, liquidated damages in an amount equal to the unpaid overtime pay and attorney's fees and costs, under New York Labor Law; and (c) unpaid wages, "liquidated damages in an amount equal to the unpaid overtime pay," attorney's fees and costs, expert witness fees and pre-judgment and post-judgment interest at the prevailing rate.

On August 27, 2013, your Honor granted a judgment by default against the defendant and referred the matter to the undersigned for an inquest on damages.  Thereafter, the Court directed: (a) the plaintiff to file proposed findings of fact and conclusions of law and an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of his damages; and (b) the defendant to file any opposition to the plaintiff's submissions.  Before the Court are the plaintiff's unopposed inquest submissions: (a) "Plaintiff's Proposed Findings of Fact"; (b) "Memorandum of Law In Support of Plaintiff's Proposed Findings of Fact"; (c) the plaintiff's affirmation; and (d) a declaration by the plaintiff's attorney.

## FACTS DEEMED ADMITTED

In 2011, the plaintiff was employed as a debt consultant by the defendant for approximately sixteen weeks.  In several workweeks, the plaintiff worked over forty hours without receiving overtime pay for hours over forty worked each week.  The defendant agreed to pay the plaintiff a commission for each deal the plaintiff closed, but failed to pay commissions for six deals the plaintiff closed.

## PLAINTIFF'S INQUEST SUBMISSIONS

The plaintiff seeks $15,388.92,[3] comprised of the following: (1) $1,739,20, on his FLSA

---

[3] The correct sum of the amounts requested by the plaintiff ($4,208.80 in damages + $401.38 in costs and disbursements + $10,778.63 in attorney's fees) is $15,388.91.

claim, "Count I of the Complaint," representing "$869.60 (5 hours of overtime at $10.87 per hour for 16 weeks=$870.00) plus 100% liquidated damages under § 216(b) of the FLSA equal to an additional $869.90"; (2) $869.60 in liquidated damages – 100% of his unpaid overtime wages – under § 1981.1-a of the New York Labor Law, "Count II of the Complaint"; (3) $1,600, "$800.00 for unpaid commissions [and] 100% liquidated damages under [t]he New York Labor Law which is an additional $800.00," "Count III of the Complaint"; (4) $401.48, for costs and disbursements in this action; and (5) $10,778.63, in statutory attorney's fees, "pursuant to FLSA § 216(b) and The New York Labor Law."  The plaintiff asserts that he is entitled to "his commissions for closed deals," pursuant to the New York Labor Law § 191(c).  According to the plaintiff, since the defendant defaulted and, as a result, failed to provide any records of the plaintiff's employment, the Court should rely on his recollection of the times he worked and the wages he was paid, as well as his "statements regarding the commissions he is owed," which is "sufficient evidence to grant an award under" New York Labor Law.  Moreover, since the defendant failed to submit any evidence, damages may be awarded to the plaintiff "even though the result may be only approximate."

    The plaintiff contends that he is entitled to statutory liquidated damages, pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 198.1-a,  since by failing to appear in the action, the defendant failed to show a good faith basis for believing that its underpayment of wages complied with the law.  The plaintiff maintains that he is entitled to liquidated damages under both federal and state law, because the nature of liquidated damages under federal law is compensatory, whereas it is punitive under the state law.  Furthermore, the plaintiff asserts that he is entitled to an award of attorney's fees, pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 198.1-a.

3

The plaintiff stated in his affirmation: "In several workweeks, I worked about 45 hours per week without receiving overtime premium pay for hours over forty worked each week."  He contends that the defendant agreed to pay him a commission for each deal he closed, but failed to pay $800 in commissions for six deals the plaintiff closed.  Attached to the plaintiff's affirmation is Exhibit A, which the plaintiff contends is the "paperwork related to those closed deals."  Exhibit A consists of six single-page documents, each partially redacted, showing on the top part of each document the printed words "DEBT-FREE NATION P: 888-638-6565 F: 888-456-6635," "Bank Name," "1st Pymt Date," "Program Pymt/Mo," "Checking Savings," "Bank Routing #," "Account #," "SALESPERSON," and "DATE."  A handwritten name "Jabari Ray" appears next to the word "SALESPERSON" on each page.  Below the top part of each page are three tables.  The first table appears to relate to "SALESPERSON" and contains two columns: "Applicant" and "Co-Applicant."  The second table appears to relate to "CLIENT DEBTS" and contains three columns repeated twice: "Creditor," "Account #," and "Balance."  The third table appears to relate to "CLIENT BUDGET" and contains eight categories: "Rent/MTG Payment /Holder," "Car Payments/Gas," "Utilities (Gas, Electric, Water, Cable)," "Telephone/Cell," "Medical Exp./Misc.," "Groceries," "Total Monthly Income (Net)" and "Insurance (Car, Home, Medical)."  Below the three tables on each document are the words "HARDSHIP/NOTES," followed by various handwritten notes on each page.  A handwritten word "closed" appears on five documents.  According to the plaintiff, the defendant owes him $4,208.80, consisting of the following:

    a.    Total unpaid overtime wages in the amount of $869.60 (5 hours of overtime at $10.87 per hour for 16 weeks=$870.00) plus 100% liquidated damages under § 216(b) of the FLSA equal to an additional $869.60 for a total of $1,739.20.

   b.     Liquidated damages under § 198.1-a of the New York Labor Law in the
          amount of 100% of my unpaid overtime wages, a total of $869.60.
   c.     Unpaid wages and expenses in the amount of $800.00 for unpaid
          commissions with 100% liquidated damages under The New York Labor
          Law which is an additional $800.00 for a total of $1,600.00.

The plaintiff is represented in this action by Fugazy & Rooney, LLP ("FR"). The

plaintiff's attorney, Paul P. Rooney ("Rooney") stated in his declaration that he and Justin S.

Weitzman ("Weitzman") are attorneys for the plaintiff and "[d]etail regarding the hours worked,

amounts billed and description of services performed for each individual attorney are [sic]

annexed hereto as Exhibit 'D.'" Exhibit D is an invoice for $11,180.31, issued on October 7,

2013, by FR to the plaintiff. The invoice indicates, in the column labeled "Date," a range of

dates from "05/31/2013" to "10/04/2013." The column labeled "Description" is entirely

redacted. The column labeled "Attorney," contains the following words: "Disbursement," "JW,"

"AV," "SM," and "PPR." The column labeled "Hours/Units" indicates various numbers ranging

from 0.1 to 6.8. The column labeled "Rate," contains the following rates: (a) "0.80," "18.58,"

and "3.95," for "Disbursement"; (b) "250.00," for "JW"; (c) "115.00," for "AV"; (d) "250.00,"

for "SM"; and (e) "350.00," for "PPR." As noted above, the "Amount Due" on the invoice  is

indicated as $11,180.31.

## DISCUSSION

***Legal Standard***

"Even when a default judgment is warranted based on a party's failure to defend, the

allegations in the complaint with respect to the amount of the damages are not deemed true. The

district court must instead conduct an inquiry in order to ascertain the amount of damages with

reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir.

1999). Establishing the appropriate amount of damages involves two steps: (1) "determining the

5

proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule."  Id.  Rule 55(b)(2) of the Federal Rules of Civil Procedure "leaves the decision of whether a hearing is necessary[, for determining damages,] to the discretion of the district court" and "as long as it [is] ensured that there [is] a basis for the damages specified in a default judgment," the court is not required to hold a hearing.  Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

FLSA

"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . . not less than . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).  "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  "The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum." 29 C.F.R. § 778.107.  "The 'regular rate' under the Act is a rate per hour," unless an employee's earnings are determined on another basis.[4]  29 C.F.R. § 778.109.  "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  "[I]n addition to any judgment awarded to the plaintiff[, the court shall]

---

[4]  Although the plaintiff seeks "his commissions for closed deals" under state law, he does not seek the commissions under the FLSA.

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C.

§ 216(b).

New York Labor Law

Unless otherwise provided by law, the following number of hours shall constitute a legal day's work . . . [f]or all . . . employees, except those engaged in farm work and those affected by subdivision four or section two hundred twenty of this chapter, eight hours.  This subdivision shall not prevent an agreement for overwork at an increased compensation, except upon work by or for the state or a municipal corporation, or by contractors or subcontractors therewith, and except as otherwise provided in this chapter.

New York Labor Law § 160(3).

"New York does not have a mandatory overtime law."  Hornstein v. Negev Airbase

Constructors, 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (App. Div. 2d Dep't 1985).  Instead,

the Commissioner of Labor issued a Minimum Wage Order for Miscellaneous Industries and

Occupations, providing that "[a]n employer shall pay an employee for overtime at a wage rate of

one and one-half times the employee's regular rate."  New York Compilation of Code, Rules and

Regulations ("NYCRR") § 142-2.2.  The applicable overtime wage rate shall be paid for each

workweek in which time over 40 hours is worked.  See NYCRR § 142-2.2.  "The basic

minimum hourly wage shall be . . . $7.25 per hour on and after July 24, 2009" until

including December 30, 2013.  See NYCRR § 142-2.1.

New York Labor Law § 191(c), entitled "Frequency of payments," provides:

A commission salesperson shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned. . . .  The agreed terms of employment shall be reduced to writing, signed by both the employer and the commission salesperson, kept on file by the employer for a period of not less than three years and made available to the commissioner upon request. Such writing shall include a description of how wages, salary, drawing account, commissions and all other monies earned and payable shall be calculated. . . . The

failure of an employer to produce such written terms of employment, upon request of the commissioner, shall give rise to a presumption that the terms of employment that the commissioned salesperson has presented are the agreed terms of employment.

New York Labor Law § 191(c).

New York Labor Law § 198, entitled "Costs, remedies," provides:

In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

New York Labor Law § 198(1)(1-a).

"[T]he statutory remedy of an award of attorney's fees to a prevailing employee, as well as the liquidated damages remedy where a willful failure to pay wages has been established, are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6." Gottlieb v. Kenneth D. Laub & Co., 82 N.Y.2d 457, 464, 605 N.Y.S.2d 213, 217 (1993).

District courts in this circuit disagree about whether a plaintiff may recover liquidated damages under both the FLSA and state law for the same violations. Compare, Wicaksono v. XYZ 48 Corp., No. 10 Civ. 3635, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) (plaintiff may recover liquidated damages under both FLSA and New York Labor Law and citing cases that disagree on the issue), and Zubair v. Entech Eng'g P.C., 900 F. Supp. 2d 355, 361 n.4 (S.D.N.Y. 2012) (noting it is not clear whether the plaintiff could recover under FLSA and state law and citing cases that disagree on the issue), with Andrade v. Kwon, No. 3:08 cv 479, 2012 WL 3059616, at *6 (D. Conn. Mar. 26, 2012) (not allowing liquidated damages under the FLSA

and state statute because their liquidated damages provisions do not serve fundamentally different purposes).

> ### Reasonableness of the Attorney's Fees

When exercising their discretion to determine the reasonableness of an attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard.  <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008).  In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).  <u>See</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n</u>, 522 F.3d at 190.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> <u>Id.</u> at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied.  <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1154 (2d Cir. 1983).

### *Application of Legal Standard*

> #### FLSA Overtime Claim

The plaintiff stated in his affirmation that he was employed by the defendant "for

9

approximately 16 weeks in 2011," and that "[i]n several weeks, [he] worked about 45 hours per week without receiving overtime premium pay for hours over forty worked each week."  He seeks "[t]otal unpaid overtime in the amount of $869.60 (5 hours of overtime at $10.87 per hour for 16 weeks= $870.00) plus 100% liquidated damages under § 216(b) of the FLSA equal to an additional $869.60 for a total of $1,739.20."  The overtime hourly rate of $10.87 that the plaintiff seeks is one and one-half times the minimum hourly rate of $7.25 (7.25 + 3.625= $10.875). However, the plaintiff stated that, out of "approximately 16 weeks" during which he was employed by the defendant, he "worked about 45 hours per week without receiving overtime premium pay" only "[i]n several weeks."  The plaintiff neither explained what "several" means nor identified an exact or approximate number of weeks during which he worked overtime.  The plaintiff's affirmation shows that he did not work 45 hours per week during the entirety of the "approximately 16 weeks" that he was employed by the defendant.  Given that the plaintiff's FLSA overtime pay claim is for an unidentified and vague number of weeks during which the plaintiff worked five hours over the forty-hour workweek, the plaintiff's affirmation does not support his request for overtime pay for the entirety of the period during which he worked for the defendant.  Accordingly, the plaintiff failed to establish the amount of damages on his FLSA overtime pay claim with reasonable certainty, as he is required to do.  See Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155.

New York Labor Law Overtime Claim

Since the plaintiff's evidence failed to establish the amount of damages with reasonable certainty on his FLSA overtime pay claim, for the same reasons, the plaintiff's evidence also failed to establish the amount of damages with reasonable certainty on his New York Labor Law overtime claim.

New York Labor Law Unpaid Commissions Claim

The plaintiff stated in his affirmation that the defendant owes him "$800 in commissions," because the defendant agreed to pay him "commissions for each deal I closed but failed to pay me for six deals I closed."  In support of his claim for unpaid commissions, the plaintiff submitted Exhibit A, contending it is "paperwork related to [six deals] I closed."  The plaintiff failed to explain what the six pages contained in Exhibit A represent or how anything on any of the six pages supports his claim for the amount of unpaid commissions.  The plaintiff neither alleged in the complaint nor demonstrated by any evidence either the commission contemplated by his agreement with the defendant, or how it is to be calculated.  Although the plaintiff contends that his "statements regarding the commissions he is owed is [sic] sufficient evidence to grant an award under the NYLL," he makes no citation to any authority in support of this contention.  Exhibit A is incomprehensible and useless for establishing, with reasonable certainty, the amount of damages on the plaintiff's claim for unpaid commissions.  The plaintiff's statement that the defendant owes him $800 in unpaid commissions for six deals that the plaintiff closed, without any explanation of the nature of his commission or how he arrived at that amount, is not sufficient to satisfy the standard for establishing damages "with reasonable certainty."  See Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155.

Reasonable Attorney's Fees and Costs

The plaintiff seeks $10,778.63 in attorney's fees and $401.48 in costs. This is a simple and straightforward case in which the defendant failed to appear or otherwise answer the five-page complaint containing three claims for unpaid overtime and wages under FLSA and state law.  The amount of time and labor required, and the level of skill required to perform the legal services properly, appears to be minimal.  Rooney failed to provide any information in his

declaration about his experience, reputation and ability, and Weitzman did not submit any evidence about his experience, reputation and ability.  Rooney's declaration and the accompanying exhibits are devoid of any information about the Johnson factors, including the attorney's customary hourly rate, whether the fee is fixed or contingent and the nature and length of the professional relationship with the client.  Rooney failed to explain: (a) why the portion of the invoice entitled "Description," submitted in support of the request for reasonable attorney's fees, is entirely redacted; (b) who "AV" and "SM," listed on the invoice, are for whom fees appear to be sought; and (c) what "Disbursement," totaling $23.33, represents on the invoice.

Moreover, it is not clear how Rooney arrived at the amount of $10,778,63 in attorney's fees.  If, as Rooney contends, he and Weitzman performed work in connection with this action, the invoice indicates only two entries for "PPR," assuming that to be Rooney, totaling $280, and ten entries for "JW," assuming that to be Weitzman, totaling $5,400.  Thus, Rooney and Weitzman appear to have charged together the total of $5,680.  The first entry on the invoice, dated "5/31/2013," for the amount of "$4,969.48," is not attributed to any attorney, no "Hours/Units" or "Rate" is indicated, and "Description" is redacted.  Even when the total amount charged by Rooney and Weitzman, $5,680, is added to the unidentified charge of $4,969.48, the sum is $10,649.48, not $10,778.63, requested by the plaintiff.

Rooney also failed to present any evidence for the $401.48 in costs sought or to explain how he arrived at that amount.  The paucity of information provided by the plaintiff to enable the Court to assess the reasonableness of the attorney's fees as well as the amount of costs, makes it impossible for the Court to determine whether the fees requested are reasonable or to determine the amount of costs incurred in this action.  The plaintiff's fee application is not supported by evidence of contemporaneous time records indicating for each attorney, the nature of the work

12

done, as it must be, see Carey, 711 F.2d at 1154, and it is entirely devoid of information

necessary to assess the application.  Therefore, awarding attorney's fees and costs is not

warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiff's application for damages and

attorney's fees be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Analisa Torres, 500 Pearl Street, Room 720, New York, New York, 10007, and to the chambers

of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any requests for

an extension of time for filing objections must be directed to Judge Torres.  *Failure to file*

*objections within fourteen (14) days will result in a waiver of objections and will preclude*

*appellate review.*  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328

F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                    Respectfully submitted,
      February 11, 2014

                                             KEVIN NATHANIEL FOX
                                             UNITED STATES MAGISTRATE JUDGE